<u>NOT FOR PUBLICATION</u>                    [Docket No. 21, 23]


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**


| | |
|---|---|
| PAUL L. SCHIRMER,<br><br>          Plaintiff,<br><br>   v.<br><br>DOUGLAS PENKETHMAN, EL AL.,<br><br>          Defendants. | Civil No. 10-1444 RMB/JS<br><br>**OPINION** |

Appearances:

    Justin Terence Loughry
    Lawrence W. Lindsay
    Loughry & Lindsay
    330 Market Street
    Camden, NJ 08102-1524
    Attorneys for Plaintiff

    Michael Paul Madden
    Madden & Madden, PA
    108 Kings Highway East
    Suite 200
    PO Box 210
    Haddonfield, NJ 08033-0389
    Attorneys for Defendants Douglas Penkethman and Michael
    Kopakowsi

    A. Michael Barker
    Barker, Scott & Gelfand
    Linwood Greene
    210 New Road
    Suite 12
    Linwood, NJ 08221
    Attorneys for Christopher Leusner, Corporal Jeffrey Devico,
    Detective Clinton Stocker, Detective Douglas Osmundsen

    Eric L. Harrison
    Methfessel & Werbel, PC

```
3 Ethel Road
Suite 300
PO Box 3012
Edison, NJ 08818-3012
Attorneys for Detective D. Holt, L.T. F.N.U. Frame

Judson B. Barrett
Barrett & Pavluk, LLC
1200 Eagle Avenue
Suite 204
Ocean, NJ 07712
Attorneys for the County of Cape May
```

**BUMB**, United States District Judge:

## I.   Introduction

This matter comes before the Court on motions for partial dismissal brought by Defendants Cape May County ("the County") and Jeffrey Devico, Christopher Leusner, Douglas Osmundsen, and Clinton Stocker (hereafter collectively referred to as the "Middle Township Police Defendants").  [Dkt. No. 21, 23.]  Defendants Douglas Penkethman and Michael Kopakowsi (hereafter the "School District Defendants") join in these motions.  [Dkt. No. 31.]  For the following reasons, Defendants' motions will be granted.

## II.  Background[1]

Middle Township Elementary School employed Plaintiff Paul L. Schirmer ("Plaintiff") as a teacher.  [Amend. Compl. ¶ 4.]  In March 2008, Defendants Douglas Penkethman, the principal of Middle Township Elementary School, and Michael Kopakowski, the

---

[1]The allegations in the Amended Complaint are accepted as true and construed in a light most favorable to Plaintiff.  <u>See Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008).

superintendent for the Middle Township School District, reported allegations that Plaintiff had inappropriately touched students at the school.  (<u>Id.</u> at ¶¶ 5-6, 18.)  Defendants Corporal Jeffrey Devico, Detective Douglas Osmundsen, and Detective Clinton Stocker of the Middle Township Police and Detective D. Holt and Lieutenant Lynne Frame of the Cape May County Prosecutor's Office (collectively referred to as the "the Investigating Defendants") investigated the reported misconduct.  (<u>Id.</u> at ¶¶ 8-12; 22, 30.)  As a result of the reports, Plaintiff was arrested, detained, required to respond to numerous court appearances and suffered loss of professional standing and reputation.  (<u>Id.</u> at ¶¶ 1, 42-43.)  Plaintiff was also suspended, pending a decision to terminate his employment.  (<u>Id.</u> at ¶ 21.)  The charges against Plaintiff, however, were later dismissed.  (<u>Id.</u> at ¶ 44.)

## III. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Sheridan v. NGK Metals Corp.</u>, 609 F.3d 239, 263 n. 27 (3d Cir. 2010) (quoting <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009)) (internal quotation marks omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." <u>Id.</u> (quoting <u>Iqbal</u>, 129 S.Ct. at 1949).

The Court conducts a three-part analysis when reviewing a claim:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." <u>Iqbal</u>, 129 S.Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions are not entitled to the assumption of truth." <u>Id.</u> at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." <u>Id.</u>

<u>Santiago v. Warminster Twp.</u>, 629 F.3d 121, 130 (3d Cir. 2010); <u>see also</u> <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 211 (3d Cir. 2009)("...[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.").

## IV.  Discussion

Defendants raise several arguments for dismissal.  The Court addresses each in turn.

### A.   Claims Brought Pursuant to § 1983

Plaintiff states several claims pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State...subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper

4

proceeding for redress.

Id.  Therefore, to state a claim under this Section, a plaintiff must allege two elements:  (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law."  West v. Atkins, 487 U.S. 42, 48 (1988).  "As in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated."  County of Sacramento v. Lewis, 523 U.S. 833, 842 n. 5 (1998).  With this guidance in mind, the Court turns to Plaintiff's Amended Complaint.

### 1.   The Investigating Defendants

In Count One, Plaintiff avers that the Investigating Defendants' "conduct constitute[d] an intentional violation of the Plaintiff's rights to be free of unconstitutional arrest and wrongful or malicious criminal charges and prosecution, under the Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution."[2]  Amend. Compl. ¶ 47.  The Court

---

[2] The Court grants Defendants' motion to dismiss Plaintiff's claims arising under the Fifth and Ninth Amendments as unopposed.  "'[T]he limitations of the [F]ifth [A]mendment restrict only federal governmental action....'"  Myers v. County of Somerset, 515 F.Supp.2d 492, 504 (D.N.J. 2007) (quoting Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983)).  Here, there is no dispute that the Defendants are state actors.  Dismissal of any Ninth Amendment claim is warranted because the Ninth Amendment "is not a source of substantive rights."  Lohman

understands Plaintiff to state a Fourth Amendment claim,[3]
applicable to the states through the Fourteenth Amendment.  See
Maryland v. Pringle, 540 U.S. 366, 369 (2003).  Claims for
unlawful arrest and false imprisonment are both cognizable under
the Fourth Amendment.[4]  See Reedy v. Evanson, 615 F.3d 197, 211
(3d Cir. 2010) (quoting Orsatti v. N.J. State Police, 71 F.3d
480, 482 (3d Cir. 1995))("It is well-established that the Fourth
Amendment 'prohibits a police officer from arresting a citizen
except upon probable cause.'"); Groman v. Twp. of Manalapan, 47
F.3d 628, 636 (3d Cir. 1995) ("A false imprisonment claim under §
1983 which is based on an arrest made without probable cause is

---

v. Township of Oxford, Civ. A. No. 91-7037, 1992 WL 95914, at *4
(E.D. Pa. 1992) (citing Gibson v. Matthews, 926 F.2d 532, 537
(6th Cir 1991); see also Nicolette v. Caruso, 315 F.Supp.2d 710,
718 (W.D. Pa. 2003) (citing Metz v. McKinley, 583 F.Supp. 683
(D.C. Ga. 1984), aff'd, 747 F.2d 709 (11th Cir. 1984)) ("As such,
the Ninth Amendment standing alone does not confer substantive
rights for purposes of pursuing a constitutional claim.").

[3]Plaintiff's Amended Complaint does not identify "the exact
contours of the underlying right said to have been violated" for
several counts.  Lewis, 523 U.S. at 842 n. 5.  As such, this
Court has had to make several presumptions.  It has done so
without much assistance from Plaintiff, whose brief has not
elucidated many of the causes of action.

[4]Given Plaintiff's allegation that the Investigating
Defendants "ignored and/or refused to consider evidence which
tended to negate the allegations made by the students, and
without probable cause, determined that a crime had been
committed," the Court understands Plaintiff to allege that these
Defendants' lacked probable cause to arrest Plaintiff.  See
Amend. Compl. ¶ 22.

grounded in the Fourth Amendment's guarantee against unreasonable seizures.").

Plaintiff captions Count Two of his Amended Complaint with the parenthetical, "Absence of legal and factual justification for the prosecution of the Plaintiff by Defendants Devico, Stocker, Osmundsen, Holy and Frame." The Court presumes that Plaintiff intended Count Two to state a § 1983 claim because he seeks attorney's fees pursuant to 42 U.S.C. § 1988, which permits courts discretion to award fees in civil rights cases. Thus, Count Two appears to be a Fourth Amendment malicious prosecution claim against the Investigating Defendants. A malicious prosecution claim is cognizable under the Fourth Amendment. See Gallo v. City of Philadelphia, 161 F.3d 217, 222 (3d Cir. 1998) (holding that a malicious prosecution claim is grounded in the Fourth Amendment concept of "seizure"). To the extent that Plaintiff intended to state different or supplemental claims in Counts One and Two, however, he must clearly identify such claim in an amended complaint to be filed within thirty days from the date of this Opinion. Beyond this deadline, he must seek leave to amend.

Given the Court's construction of Count One and Count Two, dismissal is unwarranted because Defendants do not seek dismissal

of Plaintiff's Fourth Amendment claims.[5]  <u>See</u> Middle Township
Police Defendants Br. in Supp. of Dismissal at 1.  [Dkt. No. 23.]

### 2.  Municipal Liability

In Count Three, Plaintiff also asserts claims against Cape
May County and Police Chief Leusner for violating unspecified
federal rights.  <u>See</u> Amend. Compl. ¶ 59 ("The various injuries
suffered by Plaintiff all proximately result from failures of the
supervisory Defendants to protect the rights, privileges and
immunities of Plaintiff as guaranteed by the United States
Constitution and laws of the United States, in violation of 42
U.S.C. § 1983.").  The County argues that Plaintiff's claim for
municipal liability must be dismissed because he fails to
identify a policy or custom that caused him to suffer a
constitutional violation.

"Under 42 U.S.C. § 1983, municipal defendants cannot be held
liable under a theory of <u>respondeat superior</u>; municipal liability
only arises when a constitutional deprivation results from an
official custom or policy."  <u>Montgomery v. De Simone</u>, 159 F.3d

---

[5]The Court's construction corresponds with the
parentheticals Plaintiff provided under Counts One and Two of his
Amended Complaint.  Plaintiff identifies Count One as "[w]rongful
arrest and detention by law enforcement Defendants Devico,
Stocker, Osmundsen, Holt and Frame" and Count Two as "[a]bsence
of legal and factual justification for the prosecution of the
Plaintiff by Defendants Devico, Stocker, Osmundsen, Holt and
Frame."

120, 126 (3d Cir. 1998) (citing <u>Monell v. Department of Social</u>

<u>Servs. of City of N.Y.</u>, 436 U.S. 658, 691-94 (1978)).  "'Policy'

includes official proclamations made by a municipal decisionmaker

with final authority, and 'custom' is defined as 'practices of

state officials...so permanent and well settled as to virtually

constitute law.'"  <u>Kelly v. Borough of Carlisle</u>, 622 F.3d 248,

263 (3d Cir. 2010) (quoting <u>Berg v. County of Allegheny</u>, 219 F.3d

261, 275 (3d Cir. 2000)) (internal quotation marks and citation

omitted).

Plaintiff alleges that the County and Chief Leusner

"knowingly and/or with deliberate indifference recklessly failed

to fulfill" their "duty to hire, train, supervise and discipline

subordinates."  Amend. Compl. ¶ 56.  Plaintiff further avers that

these Defendants "failed to institute polices and/or practices to

prevent[] the violation of rights set forth herein," that this

"failure[]...to prevent the violation of citizens' or suspects'

constitutional rights[] amounts to a pattern, practice and/or

policy of lax or no supervision" and that "[t]he various injuries

suffered by Plaintiff all proximately result[ed]" from the

Defendants' failure to protect Plaintiff's rights.  Amend. Compl.

¶¶ 56-59.

To the extent Plaintiff seeks to hold the County directly

responsible for the actions of the Investigating Defendants, such

claim is clearly barred by Monell.  See Montgomery, 159 F.3d at
127.  To the extent Plaintiff seeks to hold the County liable due
to a pattern or practice that led to the violation of Plaintiff's
rights, the Court agrees that Plaintiff fails to identify the
offending custom or practice.  See McTernan v. City of York, PA,
564 F.3d 636, 658 (3d Cir. 2009) ("To satisfy the pleading
standard, [a plaintiff] must identify a custom or policy, and
specify what exactly that custom or policy was.").

Nor does Plaintiff establish a factual predicate for
knowledge or acquiescence to any wrongful conduct by Cape May
County.  The Third Circuit has "held that a failure to train,
discipline or control can only form the basis for section 1983
municipal liability if the plaintiff can show both
contemporaneous knowledge of the offending incident or knowledge
of a prior pattern of similar incidents and circumstances under
which the supervisor's actions or inaction could be found to have
communicated a message of approval to the offending subordinate."
Montgomery, 159 F.3d at 127 (citing Bonenberger v. Plymouth Twp.,
132 F.3d 20, 25 (3d Cir. 1997)).  Plaintiff here pleads no facts
to suggest that the County or a County supervisor had
contemporaneous knowledge of Plaintiff's arrest, detention or
prosecution.  Plaintiff does identify Chief Leusner as "the chief
policymaker and supervisor for Middle Township Police Department

10

and the official for the hiring, training, discipline, and supervision of the police officers" but pleads no facts suggesting that the Chief had policymaking authority <u>for Cape May County</u>.  Amend. Compl. ¶ 7 (emphasis added).  <u>See</u> <u>Santiago</u>, 629 F.3d at 135 (footnote omitted)("The complaint does not allege that Chief Murphy had policymaking authority, nor does it allege what action he took that could fairly be said to be policy.").

Nor has Plaintiff pled any facts that suggest a pattern of similar incidents such that a County supervisor's actions or inaction could be interpreted as encouraging the violation of Plaintiff's rights.  Plaintiff does state in his Amended Complaint that he believes that discovery will show "further specific activities and knowing errors of commission and omission will be discovered, which will demonstrate [a] knowing violation of the Plaintiff's constitutional rights."  Amend. Compl. ¶ 33. The <u>Iqbal</u> standard, however, requires Plaintiff to present a factual basis for the claim at the pleading stage.  The Third Circuit explained in <u>Santiago</u>:

> [w]e recognize that plaintiffs may face challenges in drafting claims despite an information asymmetry between plaintiffs and defendants.  Given that reality, reasonable minds may take issue with <u>Iqbal</u> and urge a different balance between ensuring, on the one hand, access to the courts so that victims are able to obtain recompense and, on the other, ensuring that municipalities and police officers are not unnecessarily subjected to the burdens of litigation. <u>See</u> Arthur R. Miller, <u>From Conley to Twombly to Iqbal: A Double Play on the Federal Rules of Civil Procedure</u>, 60 Duke

11

> L.J. 1, 2 (2010) (arguing that Twombly and Iqbal give "too
> much attention to claims ... of expense and possible abuse
> and too little on citizen access, a level litigation playing
> field, and the other values of civil litigation").  The
> Supreme Court has struck the balance, however, and we abide
> by it

629 F.3d at 134 n. 10.

Plaintiff's claim against Cape May County is dismissed without prejudice.  The Court permits Plaintiff thirty days from the date of this Opinion to amend his claim.  Beyond this deadline, he must seek leave to amend.

Although not raised by the parties, the Court further notes that to the extent Plaintiff seeks to hold Chief Leusner directly liable for the conduct of his subordinates, such claim is also barred.  See Santiago, 629 F.3d at 128 (quoting Iqbal, 129 S.Ct. at 1948, for the proposition that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.").  Plaintiff also fails to plead any facts suggesting that the Chief personally participated in the violation of Plaintiff's rights, directed others to violate Plaintiff's rights or otherwise had knowledge of and acquiesced in the alleged violations.  See Santiago, 629 F.3d at 129 (quoting A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr., 372 F.3d 572, 586 (3d Cir. 2004)) ("'[A] supervisor may be personally liable...if he or she participated in violating the plaintiff's rights, directed others

12

to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations.'"). Plaintiff does allege that "the Chief has ratified and condoned their actions and not issued or taken corrective action toward these officers." Amend. Compl. ¶ 39. This allegation, however, does not suggest that the Chief personally participated in or directed the alleged violation of Plaintiff's rights. Nor does it suggest that the Chief had knowledge of and acquiesced in the violation of Plaintiff's rights.

Citing <u>Sample v. Diecks</u>, the Third Circuit laid out the elements of a § 1983 supervisory liability claim in <u>Brown v. Muhlenberg Township</u>:

> The plaintiff must (1) identify the specific supervisory practice or procedure that the supervisor failed to employ, and show that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure. ..."[I]t is not enough for a plaintiff to argue that the constitutionally cognizable injury would not have occurred if the superior had done more than he or she did." <u>Sample</u>, 885 F.2d at 1118. Rather, the plaintiff must identify specific acts or omissions of the supervisor that evidence deliberate indifference and persuade the court that there is a "relationship between the 'identified deficiency' and the 'ultimate injury.'" <u>Id.</u>

269 F.3d 205, 216 (3d Cir. 2001) (quoting 885 F.2d 1099, 1118 (3d Cir. 1989)), <u>rehearing en banc denied</u>, 273 F.3d 390 (3d Cir.

2001).  Plaintiff has not pled sufficient facts to state a
plausible claim for supervisory liability.  His claim against
Chief Leusner is dismissed without prejudice.  The Court permits
Plaintiff thirty days from the date of this Opinion to amend his
claim.  Beyond this deadline, he must seek leave to amend.

### 3.   School District Defendants

In Count Four, Plaintiff seeks to hold the School District
Defendants liable under § 1983 for failing to fulfill an alleged
duty "to protect both faculty and students from obviously false
accusations" and for failing "to institute policies and/or
practices to prevent[] the violation of rights set forth herein."
Amend. Compl. ¶ 61.  Defendants note that Plaintiff failed to
identify a specific constitutional violation in Count Four.  See
Dkt. Ent. 31.  Given, however, that Plaintiff incorporates his
previous allegations in Count Four, the Court understands
Plaintiff to allege a Fourth Amendment claim against these
Defendants.

Plaintiff alleges that these Defendants provided false
information to law enforcement.  See Amend. Compl. ¶ 17 ("Despite
any real evidence of criminal conduct, Penkethman and Kopakowski
complained to law enforcement officers of the matter, with the
purpose of triggering an investigation of alleged criminal
conduct.").  Plaintiff further alleges that these Defendants did

14

so with the intent of instituting a prosecution.  See Amend.
Compl. ¶ 20 ("In lieu of conducting a professional and objective
investigation of the complaints lodged by students, Defendants
Penkethman and Kopakowski, with deliberate indifference to the
reputation and civil rights of the Plaintiff, referred the
allegations to the Middle Township Police Department with either
a recommendation or with assent that [Plaintiff] be prosecuted
for certain crimes which he obviously did not commit.").  The
Court reads Plaintiff's Amended Complaint as stating a claim for
malicious prosecution[6] against the School District Defendants as

_____

[6]"To prove malicious prosecution under § 1983, a plaintiff
must show that: (1) the defendants initiated a criminal
proceeding; (2) the criminal proceeding ended in plaintiff's
favor; (3) the proceeding was initiated without probable cause;
(4) the defendants acted maliciously or for a purpose other than
bringing the plaintiff to justice; and (5) the plaintiff suffered
deprivation of liberty consistent with the concept of seizure as
a consequence of a legal proceeding." Kossler v. Crisanti, 564
F.3d 181, 186 (3d Cir. 2009) (citing Estate of Smith v. Marasco,
318 F.3d 497, 521 (3d Cir. 2003)).
     Courts have held that the element concerning initiation of
criminal proceedings "may be met by proof that defendant took
some active part in instigating or encouraging the prosecution,
advised or assisted another person to begin the proceeding,
ratified it when it is begun, or took any active part in
directing or aiding the conduct of the case." See Ross v.
Township of Woodbridge, Civil Action No. 09-CV-1533, 2010 WL
1076275, at *4 (D.N.J. 2010) (quoting Grendysa v. Evesham Twp.
Bd. of Educ., Civil Action No. 02-1493, 2005 WL 2416983, at *15
(D.N.J. Sep. 27, 2005)).  Construing the Amended Complaint in a
light most favorable to Plaintiff, the Court finds facts
suggesting that the criminal proceeding instituted against
Plaintiff terminated in his favor.  See Amend. Compl. 53 ("After
charges were brought, and Plaintiff retained counsel and pointed
out the shortcomings in the investigation and the absence of

complaining witnesses.   See, e.g., Merkle v. Upper Dublin School

Dist., 211 F.3d 782, 794 (3d Cir. 2000) ("The action of the

School District in initiating the criminal proceedings and

pressing unfounded criminal charges against Merkle can render the

District liable for its major role in a malicious prosecution.").

       The School District Defendants correctly argue that they

were duty-bound to report incidents of child abuse.  Plaintiff,

however, alleges that Defendants reported such incidents

"[d]espite any real evidence of criminal conduct" and had no

"basis upon which to form a reasonable belief as to the

credibility of these untrue allegations."  Amend. Compl. ¶¶ 17,

18.  At the motion to dismiss stage, the Court must construe the

allegations in the Amended Complaint in a light most favorable to

Plaintiff.  Thus, the Court finds that Plaintiff states a

plausible claim for relief.[7]

_____

proof of criminality, all charges were dismissed.").  Plaintiff
also alleges facts suggesting that the School District Defendants
lacked probable cause for initiating criminal charges and acted
with malice.  See Amend. Compl. ¶ 17 ("Despite any real evidence
of criminal conduct, Penkethman and Kopakowski complained to law
enforcement officers of the matter, with the purpose of
triggering an investigation of alleged criminal conduct.").
Plaintiff also alleges that he suffered a deprivation of liberty
as a result of the charges.  See Amend. Compl. ¶ 43.

       [7]Defendants' briefing makes clear that they did not
understand Plaintiff to state a Fourth Amendment claim in Count
Four.  Should Defendants wish to raise additional grounds for
dismissal, they may file an appropriate motion.

To the extent that Plaintiff intended to state a different or supplemental claim in Count Four, however, he must clearly identify such claim in an amended complaint to be filed within thirty days from the date of this Opinion.  Beyond this deadline, he must seek leave to amend.

### 4.   Fourteenth Amendment

Although not pled as a separate count, Plaintiff's briefing suggests that he intended to state a Fourteenth Amendment due process claim for deprivation of a liberty interest in reputation.[8]  See Pl. Opp. Br. at 4.  [Dkt. Ent. 30]  Individuals do possess a liberty interest in reputation that is protected by

---

[8]Plaintiff does make the following allegations in two, separate Counts of his Amended Complaint:

> Defendants Devico, Stocker, Osmundsen, Holt and Frame wrongfully arrested, unlawfully detained, and incarcerated for one day the Plaintiff, made him respond to numerous court appearances, and caused a loss of professional standing and reputation in the educational community from the lodging and maintenance of meritless criminal charges.

> . . .

> The Defendants' actions and failure to act proximately caused the lodging of charges, the Plaintiff's detention and incarceration and restriction of his liberty and attendant loss of reputation and ability to pursue his calling; as a proximate result of the Defendants' actions and failure to act, Plaintiff suffered grievous damage.

Amend. Compl. ¶¶ 43, 54.

17

due process.  See Wisconsin v. Constantineau, 400 U.S. 433, 437

(1971).  Courts evaluating such claims apply the "stigma-plus"

test.  See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d

Cir. 2006).  The Third Circuit explained:

> In the public employment context, the "stigma-plus" test has
> been applied to mean that when an employer "creates and
> disseminates a false and defamatory impression about the
> employee in connection with his termination," it deprives
> the employee of a protected liberty interest.  Codd v.
> Velger, 429 U.S. 624, 628 (1977).  The creation and
> dissemination of a false and defamatory impression is the
> "stigma," and the termination is the "plus."  When such a
> deprivation occurs, the employee is entitled to a
> name-clearing hearing.
>
> To satisfy the "stigma" prong of the test, it must be
> alleged that the purportedly stigmatizing statement(s)(1)
> were made publicly, Bishop v. Wood, 426 U.S. 341, 348, 96
> (1976); Chabal v. Reagan, 841 F.2d 1216, 1223-1224 (3d Cir.
> 1988); Anderson v. City of Philadelphia, 845 F.2d 1216, 1222
> (3d Cir. 1988), and (2) were false.  Codd, 429 U.S. at
> 627-629; Fraternal Order of Police v. Tucker, 868 F.2d 74,
> 82-83 (3d Cir. 1989).

Id.

The liberty interest in reputation, however, "is not

accorded substantive due process protection."[9]  Austin v. Neal,

_____

[9]Plaintiff's opposition brief suggests that his Amended
Complaint states a basis for a substantive due process claim.
The Court does not agree.  See LaRose v. Chichester School Dist.,
Civil Action No. 09-2557, 2010 WL 1254305, at *5 n. 6 (E.D. Pa.
Mar. 31, 2010)(citing Nicholas v. Pa. State Univ., 227 F.3d 133,
1340-43 (3rd Cir. 2000) ("To the extent that the plaintiffs'
claim was based on continued public employment, their claim fails
because substantive due process protects only those rights that
are 'fundamental' under the U.S. Constitution, and public
employment is not a fundamental right entitled to such

933 F.Supp. 444, 455-56 (E.D. Pa. 1996)(citing In re Selcraig,
705 F.2d 789, 796-97 (5th Cir. 1983); Brown & Kerrigan, 42 U.S.C.
§ 1983: The Vehicle for Protecting Public Employees'
Constitutional Rights, 47 Baylor L.Rev. 619, 645 (1995)).
"Rather, the right accorded is that of procedural due process,
specifically the right to an opportunity to refute the charges
and clear one's name." Id. (citing Codd, 429 U.S. at 627; Paul
v. Davis, 424 U.S. 693, 710 (1976); Board of Regents of State
Colleges v. Roth, 408 U.S. 564, 573 (1972); Brennan v. Hendrigan,
888 F.2d 189, 196 (1st Cir. 1989); Doe v. U.S. Dep't of Justice,
753 F.2d 1092, 1102-03 (D.C. Cir. 1985)).

In his opposition brief, Plaintiff avers that stigmatizing
statements were made against him, which were false and led to his
wrongful arrest and suspension. See Merkle, 211 F.3d at 795 ("An
arrest is a serious matter, especially an arrest of a public
school teacher whose professional career instantaneously is put
in jeopardy by stigmatic public charges."). However, "it is
axiomatic that the complaint may not be amended by the briefs in
opposition to a motion to dismiss." Com. of Pa. ex rel.

---

protection."); see also Hill, 455 F.3d at 235 (citing Boyanowski
v. Capital Area Intermediate Unit, 215 F.3d 396, 399-404 (3d Cir.
2000)) ("To the extent Hill's substantive due process claim was
based not only on loss of his job, but also on reputational
injury that decreased his 'ability to earn a living,' it also
fails.").

Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir.
1988)(quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d
1101, 1107 (7th Cir. 1984)).  Plaintiff is granted thirty days to
amend should he choose to pursue this claim.

**B.  New Jersey Civil Rights Act**

Plaintiff also purports to state a claim pursuant to the New
Civil Rights Act ("NJCRA").  In support of his claim, Plaintiff
incorporates the preceding allegations of the Complaint and avers
simply:  "The Plaintiffs' rights under the New Jersey Civil
Rights Act have been violated by all Defendants."  Amend. Compl.
¶ 68.  Clearly, such allegation must be disregarded as a
"threadbare recital[] of the elements of a cause of action,
supported by mere conclusory statements...."  Iqbal, 129 S.Ct. at
1949.  Plaintiff fails to identify the applicable subsection of
the NJCRA, but even presuming that Plaintiff brings his claim
pursuant to N.J. Stat. Ann. § 10:6-2(c)[10], Plaintiff fails to

---

[10]N.J. Stat. Ann. § 10:6-2(c) states:

Any person who has been deprived of any substantive due
process or equal protection rights, privileges or immunities
secured by the Constitution or laws of the United States, or
any substantive rights, privileges or immunities secured by
the Constitution or laws of this State, or whose exercise or
enjoyment of those substantive rights, privileges or
immunities has been interfered with or attempted to be
interfered with, by threats, intimidation or coercion by a
person acting under color of law, may bring a civil action

20

identify (1) the specific "rights" which have been deprived him;
and (2) which Defendants deprived him of such right.  See, e.g.,
Matthews v. New Jersey Institute of Technology, 717 F.Supp.2d
447, 452 (D.N.J. 2010)("Matthews' original Complaint failed to
identify which federal or state constitutional 'rights,
privileges, or immunities' had been interfered with.").   Thus,
Count Five of Plaintiff's Amended Complaint is likewise dismissed
without prejudice.  Plaintiff is granted thirty days to assert a
proper basis for a claim arising under the NJCRA.

### C.   Punitive Damages

Plaintiff concedes that he seeks punitive damages against
the Middle Township Defendants in their individual capacity.  See
Pl. Opp. Br. at 6-7.  Thus, Defendants' motion to dismiss
Plaintiff's punitive damages claims against these Defendants in
their official capacity is granted.  Plaintiff further concedes
that punitive damages may not be awarded against a municipality.
See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271
(1981).  Therefore, any such claim against Cape May County is
dismissed.

Defendants also move to dismiss the punitive damages

---

for damages and for injunctive or other appropriate relief.
The penalty provided in subsection e. of this section shall
be applicable to a violation of this subsection.

component of Plaintiff's NJCRA claim.  Given that Plaintiff's claim under this Act has been dismissed, the Court need not address this issue.

**V.   Conclusion**

For the aforementioned reasons, Defendants' Motions for Partial Dismissal are granted.  Plaintiff's claims against Cape May County and Chief Christopher Leusner are dismissed without prejudice.  Plaintiff's claims brought pursuant to the New Jersey Civil Rights Act are also dismissed without prejudice.  An appropriate Order will issue this date.


Dated: <u>March 28, 2011</u>                    <u>s/Renée Marie Bumb</u>
                                               RENÉE MARIE BUMB
                                               UNITED STATES DISTRICT JUDGE

22